NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS CEDENO SALGADO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-4149<br><br>Agency No.<br>A087-966-564<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
San Francisco, California

Before: SCHROEDER, PAEZ, and MILLER, Circuit Judges.

Jose Luis Cedeno Salgado ("Petitioner"), a native and citizen of Mexico,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

dismissing his appeal of a decision by the Immigration Judge ("IJ") denying his

application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  The IJ

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denied Petitioner's application for failure to establish that his removal would cause "exceptional and extremely unusual hardship" to his wife and children as his qualifying relatives. *See id.* § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252(a) to review the agency's hardship determination as a mixed question of law and fact, but "[b]ecause this mixed question is primarily factual, that review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

1.     Petitioner argues that the BIA committed both legal and factual errors. First, Petitioner challenges the IJ's factual findings as erroneous, but we lack jurisdiction to review those facts. *See id.* These include the IJ's findings related to the severity of his minor daughter B.C.T.'s mental health conditions and the impact of Petitioner's removal on his wife and children based on the current status of their relationships.

2.     Second, Petitioner argues that the IJ did not acknowledge all of his qualifying relatives by failing to analyze hardship to his wife. The IJ, however, made specific findings of fact regarding Petitioner's wife, their estranged relationship, and his child support contributions. While Petitioner disputes the IJ's finding that his wife and children will remain in the United States should he be removed and argues that the IJ should have considered the hardship associated with relocating to Mexico, we lack jurisdiction to review that underlying factual determination. *See Wilkinson*, 601 U.S. at 225. Petitioner otherwise points to no

evidence that the IJ failed to consider.

3. Petitioner argues that the BIA improperly made factual findings on appeal regarding his wife. The BIA, however, properly stated that it reviewed the IJ's factual findings for clear error and reviewed de novo all other issues. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). The BIA's decision reflects the same factual findings, although stated differently, as those the IJ made about Petitioner's wife. Specifically, the BIA found no clear error in the IJ's findings that Petitioner and his wife separated a year after their marriage and that she and the children were living separately from him. Thus, the BIA did not make improper factual findings on appeal.

4. Petitioner also argues that a "cumulative analysis" of hardship demonstrates that he met the hardship requirement for cancellation of removal. Under any deferential standard of review, Petitioner did not establish exceptional and extremely unusual hardship to his qualifying relatives, cumulatively.

The IJ properly found that the economic burden and emotional separation Petitioner's wife and daughter would experience upon Petitioner's removal did not exceed the "regular and normal outcome associated with the removal of a close relative to another country." *See Wilkinson,* 601 U.S. at 215 (explaining that a noncitizen must demonstrate hardship "beyond that which would ordinarily be expected to result from . . . removal." (citation omitted)); *In re Andazola-Rivas,* 23

I. & N. Dec. 319, 323–24 (B.I.A. 2002).  The BIA did not err by finding that the aggregation of two unexceptional hardships did not produce the requisite "exceptional and extremely unusual hardship."  8 U.S.C. § 1229b(b)(1)(D).

Finally, Petitioner improperly attempts to introduce country conditions evidence of the safety risk in Mexico for deportees.  As none of this evidence is in the record or supports an argument that previously was raised before the agency, we may not consider that evidence here.  *See Fisher v. I.N.S.,* 79 F.3d 955, 963 (9th Cir. 1996).

In sum, the agency did not err in finding that Petitioner failed to establish that his removal would result in exceptional and extremely unusual hardship on his wife and daughter or in denying his application for cancellation of removal.

**PETITION DENIED.**